Earl B. **LEWIS et al., Plaintiffs,**

v.

**TEXACO, INC., Defendant.**

No. 71 Civ. 2751.

United States District Court,
S. D. New York.

May 18, 1976.

Abraham E. Freedman, New York City, for plaintiffs.

Bigham, Engler, Jones & Houston by James S. MacMahon, New York City, for defendant.

## MEMORANDUM OPINION RE COUNSEL FEES

MOTLEY, District Judge.

This case is again before the court solely on the question whether an award of counsel fees is appropriate under the facts of this case and, if so, on what basis. In its original opinion this court, relying upon two Supreme Court cases, *Hall v. Cole,* 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973), and *Vaughan v. Atkinson,* 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962), and the basic pur-

poses of 46 U.S.C. § 594, made an award of counsel fees in the amount of $5,000.

On appeal, all other parts of the opinion being affirmed, the Court of Appeals noted that after this court's opinion, the Supreme Court decided *Alyeska Pipeline Service Co. v. The Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). There the Court held an award of counsel fees unjustified which had been awarded to groups that had unsuccessfully attempted to restrain construction of the Alaska pipeline. The Court of Appeals in that case had allowed the award in principle on the theory that the groups had each acted as a "private attorney general" in attempting to vindicate statutory rights of all citizens.

Texaco had argued on appeal that this court had similarly relied on the private attorney general theory in making an award of counsel fees since it had pointed out, in commenting on the basic purposes of the statute, that unless attorneys' fees are awarded in cases of this kind "the average seaman" might not be able to pursue his legal remedies. The Court of Appeals ruled that in view of *Alyeska* this court should reconsider the fee award since, if this court had relied on the private attorney general theory in making the award, such reliance would not now be permissible. The court further ruled that in view of the explanation of the common benefit line of cases in *F. D. Rich Co. v. Industrial Lumber Co.,* 417 U.S. 116, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974) as a "shifting of fees  .  .  . to spread the cost proportionately among the members of the benefited class", it was not sure that the rationale of *Hall v. Cole, supra,* applies here either. Finally, the Court of Appeals said: "On the other hand, if the district court, relying on *Vaughn v. Atkinson, supra,* would have awarded counsel fees based solely on the recalcitrance of Texaco in failing to pay the sums due plaintiffs here, these questions might not be relevant." (527 F.2d 921, 927, decided 12/9/75). The case was accordingly remanded to consider the effect of *Alyeska* and to make clear the basis of the award, if one is appropriate.

This court did not previously rely on the private attorney general theory in making its prior award. It relied as indicated on the basic purposes of the statute. This court also finds it unnecessary to rely on the *Hall v. Cole, supra,* line of cases in now sustaining an award.

Relying solely on *Vaughn v. Atkinson, supra,* this court finds that an award of counsel fees is appropriate in this case on the ground that Texaco's failure to pay was sheer recalcitrance on its part and an act of bad faith.

As the record discloses, Texaco was fully aware of its obligation under Section 594 to make payment under the circumstances since it had been confronted with the requirements of the Section in the Texaco Georgia matter in 1967 when it did, in fact, make such payment on the advice of the Shipping Commissioner and presumably on the advice of its own counsel.

Texaco originally claimed in this court that it did not make the required payment because by immediately signing up for the coastwise voyage plaintiffs waived their rights under § 594. However, the evidence on the trial disclosed that Texaco also failed to pay those who did not sign up for the coastwise voyage and therefore could not be said to have waived their rights.

Texaco also claimed that plaintiffs waived their rights by "signing off" the articles on January 21, 1971 and, in the process, by expressly releasing their claim, and by "signing off" with mutual consent(M/C). The Court of Appeals agreed with this court that the great weight of authority does not confine the general rule regarding seamen's releases to personal injury claims. As the Court of Appeals said: "The sweep of the language in *Garrett* [*Garrett v. Moore-McCormack Co.,* 317 U.S. 239, 63 S.Ct. 246, 87 L.Ed. 239] is so broad and the solicitude for seamen so plain that an argument for limiting the traditional rule in admiralty regarding seaman's releases cannot be sustained." (527 F.2d at 924). The Court also noted that, "It is true that the effect of a release on the precise seaman's wage claim made here under Sec-

tion 594 is rarely discussed, [footnote omitted] but we see no reason for a different standard to apply in this situation." (527 F.2d at 925).

Finally, as the Court of Appeals pointed out, Texaco's chief argument that Section 594 is unconstitutional as applied in this case, since plaintiffs immediately signed on for a new voyage, is without merit as this court had ruled. Moreover, as pointed out above, Texaco did not pay those who did not sign up for a new voyage.

The prior award of $5,000 is reinstated.

Since additional counsel fees have been incurred since the last award as a result of the appeal and this subsequent proceeding on the award itself, counsel for plaintiffs may submit an additional affidavit and request for an additional amount of counsel fees.